The opinion of the Court was delivered by
DüNKIN, Oh.
This Court is entirely satisfied with the judgment of the Chancellor in relation to the proceedings in partition. The parol testimony was properly received under the circumstances, and very fully established the existence of the record. Smith vs. Smith, Rice, 232, is an authority for the admissibility of the evidence, and for setting up a judgment in partition on less satisfactory proof.
The Act of 1791, (5 Stat. 164,) provides that, where the land cannot be fairly and equally divided, the commissioners shall make a special return, certifying to the Court their opinion, whether it will be more for the benefit of the parties to deliver over to one or more of them the property which cannot be fairly divided, upon the payment of a sum of money to be assessed by the commissioners, or to sell the same at public auction; and, if the Court shall be of opinion that it would b.e for the benefit of the parties, that the same shall be vested in one person or more persons entitled to a portion of the same, on the payment of a sum of money, they shall determine accordingly; and the said person or persons, on the payment of the consideration money, shall be vested with the estate so adjudged to them, as fully and absolutely as the ancestor was vested. But, if it shall appear to the Court to be more .for the interest of the parties that the same should be sold, they shall direct a sale on such credit as they shall deem right; and the property so sold shall stand pledged for the payment of the purchase money. In this case, the intestate left a widow and eight children.' It appears, that at the time of the partition in 1826, the complainant, Caroline, was about two years of age, and was represented by her brother and guardian acl litem, William L. Adams. The testimony shows that the commissioners executed *160 the writ by setting off the three tracts of land to three of the parties in interest, to wit, the widow and two of the sons. The evidence, both of William L. Adams himself, and of John McCol-lum, one of the commissioners, proves that William L. Adams, -who took the tract valued at $4500, was to pay to his sister, the complainant/the sum assessed to her in lieu of her interest in the land. The other evidence shews, with reasonable certainty, that this sum, after deducting her share of the costs, was six hundred and eighty-seven dollars and five cents ($687 05). By the order of the Court of Common Pleas, at Spring term, 1826, this return of the commissioners was made the judgment of the Court. On the part of the complainants, it is insisted, that by the terms of the Act, no title vested in William L. Adams, until payment of the consideration money. While the defendants urge, and so the Chancellor held, that, by the judgment in partition, the right of the minor in the land was gone, and that her only remedy was by enforcing the judgment, and that although the statute gave a lien upon the land, both ¡.the judgment and statutory lien must be presumed to be satisfied from the lapse of time. It is not important in this case to determine whether the judgment transferred the title, irrespective of the payment of the purchase money, and established a lien on the premises, or whether the title was only to be absolute on compliance with the condition. If the Court is satisfied, whether by presumption or positive proof, that the purchase money was paid, the title in William L. Adams, by the terms of the law, was as full and absolute as his father’s had been. And so, if the judgment transferred the title and created a lien, and yet the Court is satisfied, by presumption from lapse of time or otherwise, that the debt has been paid, the judgment is gone, and the lien, which is merely an incident, has ceased to exist.
It is admitted, that there is no positive proof of payment to the complainant, (Caroline,) or to any other person acting for her, of the sum assessed to her and adjudged to be paid to her by William L. Adams. But it is said that more than twenty years have elapsed since the entry of the judgment, and that, after this ' *161 lapse of time, it must be presumed to be satisfied. Tbe Court of law had occasion to consider this doctrine in the recent case of Stover vs. Duren, 3 Strob. 448. It is there said, “ The presumption of payment, which arises after the lapse-of twenty years, is not a presumption of law, but is a presumption of fact, recognized by law, from which a conclusion ought to be deduced by a jury. It is, however, one of those strong presumptions which shift the burden of proof,” &c. In that case some twenty-six years had elapsed since the entry of the judgment, and the presiding Judge had held tha't, after the lapse of twenty years, mere acknowledgments were insufficient to rebut the presumption ; that if there had been no payment of interest, no promise to pay, no other sufficient rebutting cii;cumstance, then an acknowledgment, in order to suffice for rebutting the presumption, should be a distinct admission of the subsisting legal obligation of the debt, unaccompanied by any conduct or expressions indicative of an unwillingness to pay. The Court say, “ We perceive no objection to the rule thus stated to the jury. The presumption is no legal bar, but it was originally admitted in analogy to the statute of limitations, and in considering admissions which rebut it, the same principles are applicable as in considering admissions which take the case out of the statute of limitations.” So long as the lapse of time is less than twenty years, any admissions which oppugn the inference of payment drawn from it, go to the jury along with it, and all are weighed together according to their natural force. But when full twenty years have expired, an admission that the payment has not in fact been made, cannot, of itself, destroy the effect of the presumption. Upon a similar analogy it has been held in this Court, that the period during which a plaintiff was under disability from non-age, shall be deducted in estimating the lapse of time sufficient to create a presumption of ouster, &c. In Gray vs. Givens, 2 Hill Ch. 514, it is said, the time during which the party to be affected was under disability must be deducted in computing the lapse of time, in analogy to the statute of limitations — otherwise, as Chancellor Harper hypothetically stated in that case, and *162 might very well have happened in this, a party may be barred before he had an opportunity of either asserting or knowing his rights. A judgment entered in favor of an infant twelve months old, and represented only by a guardian ad litem, would be presumed to be paid by lapse of time, before she was of age or had any authority to receive the money, or could execute a valid acquittance.
But apart from this. It has been said that the complainant,, (Mrs. McQueen,) was an infant about two years old at the time of the partition in 1826. She became of age in October, 1845. William L. Adams was also administrator of the estate of his father (the intestate.) On the 2d December, 1834, a settlement took place before the ordinary between William L. Adams and John Malloy styling himself guardian of Caroline E. Adams, (the complainant,) on account of her share of the real and personal estate of her father to which she was entitled. After deducting payments a balance was admitted to be due, and a decree entered by the ordinary for $1,069.50. In September, 1847, suit was instituted by the complainants, in the name of the ordinary, against the surety of William L. Adams as administrator, on the decree made in December, 1834. A verdict was obtained against the surety of the administrator deducting the value of the complainant’s interest in the real estate which, (as proved by the defendant’s solicitor in this case,) was shown on the trial to be $687.05. It was proved at the hearing that William L. Adams left the State in February, 1836, and was insolvent at that time. He was examined by commission. Among other things he says that, in the partition of his father’s estate, no land was allotted to the complainant; that the witness acted' as her guardian ad litem, in the proceedings; “ that a sum of money was ordered to be paid to her in lieu of the land ; does not recollect what her portion came to ; it was to have been paid by witness; does not recollect how much was paid; it has all been paid except about eight hundred dollars,” &c. The complainants reside in Richmond county, North Carolina. Failing to recover under the suit *163 instituted .in September, 1847, from tbe surety of the administrator, the sum due for her share of her father’s real estate, this bill was filed on the 14th September, 1850. The principal prayer is for partition, complainants ayorring that none was made. But they also charge that, if partition was made, they received no land, and have received no compensation in lieu thereof, and they pray for general relief. The Court is of opinion that the circumstances proved, as well as the admissions of the debtor, fully rebut the presumption arising from the lapse of twenty years. In 1834, eight years after the entry of the judgment, and less than sixteen years before this bill was filed, the debtor admitted the existence of his indebtedness, and the ordinary decreed a sum to be due by him, including the sum due for the complainant’s share of the real estate. There is no proof that Dr. Malloy was the guardian of the complainant, although he assumed to act as such. But still less is there proof of any payment to him of this sum; and up to the time of his examination the debtor admits about eight hundred dollars to have been unpaid when he left the State, insolvent, in 1836, and that he has not since paid any thing on account of it. If this were a proceeding to recover from William L. Adams the amount due on the judgment, it would seem very clear that the presumption of payment, arising from the lapse of time, is fully rebutted, and the lien being coexistent with the debt, this would be conclusive on the defendant, unless, as he submits, he is protected by an adverse possession of ten years. In 1833 he purchased the land at sheriff’s sales, under an execution against William L. Adams ; and he insists, on the authority of McRaa vs. Smith, 2 Bay, 343, that he is entitled to protection by a possession of ten years after the marriage of the complainant. In McRaa vs. Smith, the defendant was a purchaser from the defendant in the judgment, and his possession was held to be adverse to all the world, except as the Court say, where there are infants, femes covert or persons beyond the seas. The lien on which the complainants here insist, is a statutory mortgage of which the purchaser would have notice in examining *164 bis title. In Thayer vs. Cramer, 1 McC. Ch. 395, it was hold that the mortgagor of real estate was a trustee for the mortgagee, and that the purchaser from him was in no better situation, the mortgage being recorded, and could not avail himself of the statute of limitations. I should hesitate to apply the doctrine of McRaa vs. Smith to the case of a purchaser from the mortgagee with notice of the mortgage. But it is unnecessary to express any opinion upon such case. The statute expressly saves the rights of infants. In 1833, when the defendant purchased, Caroline E. Adams was an infant mortgagee, about nine years of age, and did not attain majority until October, 1845, less than five years before filing the bill. It is said, however, that, in the meantime, to wit, at some period between 1838 and 1841, she had become a married woman, and that, from this time, the possession of the defendant was adverse. Without discussing this point it is only necessary to say that, in September, 1840, ten years before the bill filed, the complainant was not sixteen years of age, and there is no proof that she was then married.
This Court is of opinion that the complainants have a valid subsisting lien on the land set off to William L. Adams by the judgment in partition and subsequently purchased by the defendant, Joshua Fletcher.
It is therefore ordered and decreed, that it be referred to the commissioner for Marlborough District to ascertain and report the amount due to the complainants, calculating interest from the rendition of the judgment in partition, and that the same bo paid out of the proceeds of the land in the possession of the defendant, Joshua Fletcher, upon confirmation of the said report, and that the costs, other than those of the defendants, Bethea and Easterling, be paid by the defendant, Joshua Fletcher.
It is finally ordered and decreed, that so much of the Chancellor’s decree as dismisses the bill in relation to the defendants, Bethea and Easterling, be affirmed; in other respects the same is reformed as is herein before declared.
JoiinstoN, DargaN and Wardlaw, CC., concurred.

Decree modified.